MCDONALD CARANO LLP
Adam Hosmer-Henner (NSBN 12779)
Chelsea Latino (NSBN 14227)
Jane Susskind (NSBN 15099)
100 West Liberty Street, Tenth Floor
Reno, Nevada 89501
(775) 788-2000
ahosmerhenner@mcdonaldcarano.com
clatino@mcdonaldcarano.com
jsusskind@mcdonaldcarano.com

LATHAM & WATKINS LLP
Serrin Turner (*pro hac vice* to be filed)
1271 Avenue of the Americas
New York, New York 10020
(212) 906-1200
serrin.turner@lw.com

Melanie M. Blunschi (*pro hac vice* to be filed)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
(415) 391-0600
melanie.blunschi@lw.com

*Attorneys for Defendant Caesars Entertainment, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Isaac Dwek, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Caesars Entertainment, Inc. and DOES 1 through 10, inclusive.,<br><br>Defendants. | Case No.:<br><br>**DEFENDANT CAESARS ENTERTAINMENT, INC.'S NOTICE OF REMOVAL**<br><br>*From the Eighth Judicial District, Clark County Nevada*, Case No. A-23-877949-C |

TO THE CLERK OF COURT, PLAINTIFF, AND COUNSEL OF RECORD:

1. **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Caesars Entertainment, Inc. ("Caesars"), through undersigned counsel, hereby removes the above-captioned action—with reservation of all defenses and rights—from the Eighth Judicial District Court, Clark County Nevada, to the United States District Court for the District of Nevada.

2. For the sole and limited purpose of establishing the basis of this Court's jurisdiction over this action, Caesars assumes as true Plaintiff's allegations—but Caesars emphatically denies the allegations and any liability in this case. The Complaint is legally and factually unfounded, and, at the appropriate time, Caesars will move to dismiss Plaintiff's claims under Rule 12 of the Federal Rules of Civil Procedure.

## I. REMOVAL IS TIMELY

3. On or about September 18, 2023, Plaintiff Isaac Dwek (Plaintiff") filed a complaint ("Complaint"), individually and on behalf of a putative class, in the Eight Judicial District, Clark County, Nevada, captioned *Isaac Dwek v. Caesars Entertainment, Inc.*, Case No. A-23-877949-C. A copy of the Complaint is attached hereto as **Exhibit A**.

4. Plaintiff purported to effectuate service of the Complaint and Summons on Caesars by personal service to its registered service agent on September 22, 2023. Thus, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within 30 days of service.

## II. FACTUAL AND PROCEDURAL BACKGROUND

5. Caesars is a gaming and hospitality company that, through various subsidiaries, offers gaming operations at casino properties, retail and online sports betting, and online gaming, and also operates hotels, restaurants, entertainment venues, retail shops, and services in various locations, including Clark County, Nevada.

6. Plaintiff's Complaint arises out of a security incident resulting from a social engineering attack on an outsourced IT support vendor used by Caesars (the "Security Incident"). Plaintiff alleges that he was a "customer of one of [Caesars's] establishments" (Compl. ¶ 13) and

///

that his "personally identifiable information" ("PII") was "stolen by cybercriminals" without authorization as a result of the Security Incident, allegedly causing him injury. *Id.* ¶¶ 1, 5.

7. Plaintiff purports to bring the action "on behalf of himself" and the following putative class: "[a]ll people in the United States whose PII . . . was obtained by an unauthorized individual or individuals from Defendant during the [Security Incident] reported by Defendant on or around September 7, 2023." Compl. ¶ 40. Plaintiff further alleges that the putative class "is comprised of thousands of people." *Id.* ¶ 42.

8. The Complaint asserts claims against Caesars for alleged (1) Negligence; (2) Invasion of Privacy; (3) Breach of Contract and (4) Breach of Implied Contract. Ex. A ("Compl.") ¶¶ 51-87.

9. Plaintiff filed the action on September 18, 2023. There have been no further proceedings for the action in Clark County Judicial Circuit Court.

10. Several other putative class action complaints relating to the Security Incident have been filed in the District of Nevada against Caesars. The first of those cases, *Rodriguez v. Caesars Entertainment, Inc.*, Case No. 23-cv-01447 (D. Nev.), was filed on September 15, 2023, and since that time at least four additional actions have been filed in this District. *Garcia v. Caesars Entertainment, Inc.*, No. 23-cv-001482 (D. Nev.) (filed Sept. 21, 2023); *Giuffre v. Caesars Entertainment, Inc.*, No. 23-cv-01483 (D. Nev.) (filed Sept. 21, 2023); *McNicholas v. Caesars Entertainment, Inc.*, 23.cv-00470 (D. Nev.) (filed Sept. 22, 2023); and *Lackey v. Caesars Entertainment, Inc.* 2:23-cv-01562 (filed Sept. 29, 2023).

### III. THIS COURT HAS JURISDICTION PURSUANT TO CAFA

11. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has original diversity jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

12. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This action is a putative "class action" under CAFA because it is brought under Nevada Rule of Civil Procedure 23, and accordingly, it is a "civil action filed under . . . [a] State statute or rule . . . authorizing an action to

be brought by 1 or more representative persons as a class action." See 28 U.S.C. § 1332(d)(1)(B); see also Compl. ¶ 40.[1]

13.     CAFA extends a federal district court's original diversity jurisdiction to any civil action styled as a class action in which: (1) "the number of members of all proposed plaintiff classes in the aggregate" is 100 or more; (2) "the matter in controversy" reached by aggregating all the individual putative class members' claims "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant" or "any member of a class of plaintiffs is . . . a citizen or subject of a foreign state and any defendant is a citizen of a State" (i.e., minimal diversity is satisfied). 28 U.S.C. § 1332(d)(2), (d)(5)(B), (d)(6).

14.     A notice of removal "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir. 2020) (same). Caesars must provide only "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), that contains "plausible allegation[s]" that the jurisdictional requirements of CAFA are satisfied, *Dart Cherokee*, 574 U.S. at 89. Thus, while Caesars denies any and all liability as to Plaintiff's claims and denies that this matter should proceed at all, let alone as a class action, each of the jurisdictional requirements of CAFA is satisfied here.

  **A.** **The Putative Class Exceeds 100 Members**

15.     First, the Complaint meets CAFA's requirement that the putative class exceed 100 class members. See 28 U.S.C. § 1332(d)(5)(B). Plaintiff's putative class is described broadly as "[a]ll people in the United States whose PII . . . was obtained by an unauthorized individual or individuals from Defendant during" the Security Incident. Compl. ¶ 40. Plaintiff alleges that the "putative class is comprised of thousands of persons." *Id.* ¶ 42.

---

[1] By filing this Notice of Removal, Caesars does not concede and expressly denies that Plaintiff's alleged claims and putative class may be certified for class treatment pursuant to Federal Rule of Civil Procedure 23.

16. Based on these allegations alone, CAFA's requirement that the putative class exceed 100 members is satisfied. *See, e.g., Rush v. Nutrex Res., Inc.*, No. C 12-01060 LB, 2012 WL 2196144, at *3 (N.D. Cal. June 13, 2012) (finding CAFA jurisdiction proper where plaintiff alleged "hundreds to thousands of putative class members"); *Feinberg v. Azoogleads, US, Inc.*, No. C 09-02314 JW, 2009 WL 10695726, at *2 n.3 (N.D. Cal. Nov. 3, 2009) ("CAFA's class-size requirement is satisfied because the Complaint alleges that the class is estimated to have thousands of individuals and other entities.").

### B. There Is Minimal Diversity Among The Parties

17. To establish federal jurisdiction, a defendant must show only that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "CAFA was intended to strongly favor federal jurisdiction over interstate class actions." *King v. Great Am. Chicken Corp., Inc.*, 903 F.3d 875, 878 (9th Cir. 2018). Removal therefore is proper when even one proposed class member is a citizen of a state different from a defendant's state of citizenship. *See id.* at 877; *see also Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) ("Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant.").

18. Caesars is a Delaware corporation with its principal place of business in Reno, Nevada. Caesars does business in Clark County, Nevada. Compl. ¶ 11. Caesars is therefore a citizen of Delaware and Nevada for purposes of diversity jurisdiction. *See Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." (quoting 28 U.S.C. § 1332(c)(1))).

19. According to the Complaint, Plaintiff is a "natural person who visited one of Defendant's establishments in Clark County, Nevada." Compl. ¶ 13. The Complaint does not identify the residence or citizenship of Plaintiff.

20. The Complaint, however, also alleges a proposed class composed of "[a]ll people in the United States whose PII" was obtained in the Security Incident. Caesars is informed and believes, and on that basis alleges, that at least one member of the putative class is a citizen of a

state other than Delaware or Nevada. *See Ehrman v. Cox Comms., Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("A party's allegation of minimal diversity may be based on 'information and belief'" and "need not contain evidentiary submissions." (citations omitted)); *see also Rosas v. Carnegie Mortg., LLC*, No. CV 11-7692 CAS, 2012 WL 1865480, at *5 (C.D. Cal. May 21, 2012) (where plaintiff alleges a nationwide class, "minimal diversity necessarily exists").

21.  Diversity of citizenship thus exists between Plaintiff and Caesars or between at least one other member of the proposed class and Caesars. Removal is therefore proper. *See* 28 U.S.C. § 1332(d)(2)(A).

### C. The Amount In Controversy Exceeds $5 Million

22.  As an initial matter, Caesars denies that Plaintiff or members of the putative class are entitled to the damages that Plaintiff seeks here. Plaintiff's allegations are entirely without merit, and class treatment is not appropriate in this case. For purposes of this Notice of Removal, however, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and satisfies the amount-in-controversy jurisdictional requirement of CAFA. *See* 28 U.S.C. § 1332(d)(2). *See, e.g., Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) ("[T]he amount in controversy is the 'amount *at stake* in the underlying litigation' . . . [it] does not mean likely or probable liability; rather, it refers to possible liability." (citation omitted)); *see also Lewis v. Verizon Commc'ns. Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." (citations omitted)).

23.  CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). The amount in controversy is first determined by reviewing the allegations of the operative complaint. *See Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."). Where a complaint does not state a dollar amount, a defendant's notice of removal

1  under CAFA need include "only a plausible allegation that the amount in controversy exceeds the
2  jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 81.

3     24.    Plaintiff seeks, among other things, an award of (i) "actual damages" to address
4  alleged harm in the form of "direct theft, identity theft, expenses for credit monitoring and identity
5  theft insurance, out-of-pocket expenses, anxiety, [and] emotional distress"; (ii) "injunctive relief"
6  including "credit monitoring" and "identity theft insurance" for the putative class; (iii) "punitive
7  damages"; and (iv) "interest, costs, and attorneys' fees[.]" Compl. ¶ 88; *see also Fritsch v. Swift
8  Transp. Co. or Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in
9  controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with
10 an injunction, and attorneys' fees awarded under fee-shifting statutes or contract.").

11    25.    Although the Complaint does not identify a total dollar amount of damages,
12 Plaintiff alleges that "thousands of persons" had their PII obtained in the Security Incident, and
13 seeks damages to redress alleged direct theft, identity theft, expenses for credit monitoring and
14 identity theft insurance, out-of- pocket expenses, anxiety, emotional distress, loss of privacy, and
15 "other economic and non-economic harm." Compl. ¶ 88. Plaintiff's prayer for relief also includes
16 requests that the Court order Caesars to, *inter alia*, provide "adequate" credit monitoring and
17 identity theft insurance for the putative class, implement unspecified data security measures to
18 protect class members' PII, and submit to periodic compliance audits by a third party regarding
19 the security of PII in Caesars's control. *Id.* These injunctive and equitable remedies that Plaintiff
20 seeks must be taken into consideration when assessing the total amount in controversy. *See, e.g.*,
21 *Anderson v. SeaWorld Parks & Entm't, Inc.*, 132 F. Supp. 3d 1156, 1164 (N.D. Cal. 2015)
22 (including value of future ticket sales that would be lost as the result of having to modify
23 purportedly deceptive advertising in determining amount in controversy). Based on all of the relief
24 demanded by Plaintiff, the amount in controversy based on Plaintiff's demand easily exceeds
25 CAFA's $5,000,000 threshold., exclusive of interest and costs, and satisfies CAFA's amount in
26 controversy requirement. *See* 28 U.S.C. § 1332(d)(2).
27 ///
28 ///

### IV. THIS COURT IS THE PROPER VENUE

26. Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because it embraces the place where Plaintiff filed the action: Clark County, Nevada. *See* 28 U.S.C. § 84(c); 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a).

### V. COMPLIANCE WITH REMOVAL PROCEDURE

27. Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as Exhibits A-C are true and correct copies of the Complaint and all process, pleadings, and orders served upon Caesars to date in this matter:

   a. A copy of the complaint is attached hereto as **Exhibit A.**

   b. A copy of the Proof of Service of the Class Action Complaint is attached hereto as **Exhibit B**.

   c. A copy of the State Court docket is attached hereto as **Exhibit C**.

28. Caesars has not filed an answer or other response to the Complaint in the Eighth Judicial District, Clark County, Nevada prior to removal and is not aware of any pending motions filed in that court.

29. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

30. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy, along with a notice of filing of the notice of removal, is being filed with the Clerk of Eighth Judicial District, Clark County, Nevada.

31. Caesars reserves the right to amend or supplement this Notice of Removal. Caesars further reserves all rights and defenses, including, but not limited to, those available under the Federal Rules of Civil Procedure.

///

///

///

///

///

## VI. CONCLUSION

**WHEREFORE** Caesars respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Eighth Judicial District, Clark County, Nevada.

Dated: October 12, 2023.

MCDONALD CARANO LLP

By    */s/ Adam Hosmer-Henner*
Adam Hosmer-Henner (NSBN 12779)
Chelsea Latino (NSBN 14227)
Jane Susskind (NSBN 15099)
100 West Liberty Street, Tenth Floor
Reno, Nevada 89501
(775) 788-2000
ahosmerhenner@mcdonaldcarano.com
clatino@mcdonaldcarano.com
jsusskind@mcdonaldcarano.com

LATHAM & WATKINS LLP
Serrin Turner (*pro hac vice* to be filed)
1271 Avenue of the Americas
New York, New York 10020
(212) 906-1200
serrin.turner@lw.com

Melanie M. Blunschi (*pro hac vice* to be filed)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
(415) 391-0600
melanie.blunschi@lw.com

*Attorneys for Defendant Caesars Entertainment, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of McDonald Carano LLP, and that on October 12, 2023, I served the foregoing **DEFENDANT CAESARS ENTERTAINMENT, INC.'S NOTICE OF REMOVAL** via electronic mail and U.S. Mail, first-class, postage pre-paid on the following parties:

Michael Kind
Kind Law
8860 South Maryland Parkway, Suite 106
Las Vegas, NV 89123
mk@kindlaw.com

*/s/ Pam Miller*
An employee of McDonald Carano LLP

## INDEX OF EXHIBITS

| EXHIBIT | DESCRIPTION | PAGES |
|---|---|---|
| A | State Court Complaint | 18 |
| B | Proof of Service of State Court Complaint | 1 |
| C | State Court Docket | 2 |